NOT DESIGNATED FOR PUBLICATION

No. 113,341

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JANICE FIELDS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed November 25, 2015. Appeal dismissed.

Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).

Before MALONE, C.J., GREEN and HILL, JJ.

*Per Curiam*: Janice M. Fields appeals the district court's denial of her motion to correct an illegal sentence. We granted Fields' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State has filed a response and requested that the district court's judgment be affirmed.

On July 16, 2009, the district court convicted Fields of one count of aggravated escape from custody, a severity level 8 nonperson felony. On September 2, 2009, the district court sentenced Fields to 19 months' imprisonment with 12 months' postrelease supervision.

1

On July 2, 2014, Fields filed a motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, ___ Kan. ___, 357 P.3d 251 (2015), and *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015). In the motion, Fields argued that her 1983 Kansas burglary conviction should have been scored as a nonperson felony for criminal history purposes. The district court denied the motion, finding, *inter alia*, that because Fields had completed her sentence, the motion was moot. Fields timely appealed.

On appeal, Fields reasserts her argument that her 1983 Kansas burglary conviction should have been scored as a nonperson felony for criminal history purposes. Whether a prior conviction is properly classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Murdock*, 299 Kan. at 314.

Fields acknowledges that she had completely served her sentence and was discharged from postrelease supervision before the district court ruled on her motion to correct an illegal sentence. As a general rule, an appellate court does not decide moot questions or render advisory opinions. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). The mootness doctrine is not a question of jurisdiction; it is a court policy which recognizes that the role of a court is to "determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive." *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 886 (2012). However, an appeal will not be dismissed for mootness, unless "it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights." 295 Kan. at 840.

When the court corrects an illegal sentence, as Fields is requesting, the defendant shall receive full credit for the time spent in custody under the sentence prior to correction. K.S.A. 22-3504(1). Here, Fields already had completely served her sentence and was discharged from postrelease supervision before the district court ruled on her motion. Any actual controversy over Fields' sentence has ended and the only judgment that could be entered would be ineffectual for any purpose. Thus, Fields' appeal from the denial of her motion to correct an illegal sentence is rendered moot. If Fields is ever convicted and sentenced for a new crime in the future, she will be able to challenge the classification of her 1983 burglary conviction for criminal history purposes at that time.

Appeal dismissed.